IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2078-D

PETER ANTHONY BAKOWSKI, )
)
Petitioner, )
)
v. ) **ORDER**
)
KENNY ATKINSON, )
)
Respondent. )

On April 24, 2014, Peter Anthony Bakowski ("Bakowski" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On June 5, 2014, Bakowski moved to amend his petition [D.E. 3]. On December 2, 2014, the court reviewed all of Bakowski's filings under 28 U.S.C. § 2243 and dismissed the petition [D.E. 5]. Bakowski moves for reconsideration of the dismissal of his petition pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) [D.E. 7–8].

On November 17, 2009, in the Middle District of Florida, Bakowski pleaded guilty, pursuant to a written plea agreement, to one count of making a false statement to a financial institution in violation of 18 U.S.C. § 1014. See Minute Entry, United States v. Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Nov. 17, 2009), [D.E. 11]; Information, United States v. Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Oct. 23, 2009), [D.E. 3]. "This charge stemmed from Bakowski's mortgage fraud scheme, involving the re-sale of mortgages on the same properties two or three times without revealing the existence of the earlier mortgages and misrepresenting that existing mortgages had been satisfied." Order Denying Section 2255 Motion at 2, United States v.

Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Jan. 26, 2015), [D.E. 65]. On October 14, 2010, the court sentenced him to 188 months' imprisonment and a five-year term of supervised release. See Judgment at 2–3, United States v. Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Oct. 14, 2010), [D.E. 30]. The court also imposed a $100.00 special assessment and restitution of $16,198,278.00. Id. at 5, 9–15. Bakowski did not appeal.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then

"satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Bakowski challenges the sentencing court's restitution calculation and cites Robers v. United States, 134 S. Ct. 1854 (2014), in support of his motion for reconsideration. Rule 59(e) Mot. [D.E. 7] 1; Rule 60(b) Mot. [D.E. 8] 1; see Order [D.E. 5] 2 (citing Am. Pet. ¶¶ 9–10). In Robers, the Supreme Court held that the restitution award must be offset "by the amount of money the victim received in selling the collateral, not the value of the collateral when the victim received it." 134 S. Ct. at 1856. Robers offers Bakowski no relief, because his criminal judgment contains an offset provision. See Order Denying Section 2255 Motion at 30, United States v. Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Jan. 26, 2015), [D.E. 65]; see, e.g., United States v. Foley, 783 F.3d 7, 28–29 (1st Cir. 2015); United States v. Nawaz, 572 F. App'x 24, 26–27 (2d Cir. 2014) (per curiam) (unpublished). Thus, Bakowski's motion lacks merit under Rule 59(e) and Rule 60(b).

Bakowski also argues that "[t]he sentencing court did not establish the terms of . . . Bakowski's [restitution] payments while in prison" and a prison counselor has "made up the schedule of payment[s] out of his whim and arbitrary amount in which he speculated the plaintiff could pay." Rule 59(e) Mot. 2; see Rule 60(b) Mot. 2. Contrary to Bakowski's assertion, the court did set the amount and timing of his restitution payments by ordering payment to begin immediately. Judgment at 6, United States v. Bakowski, No. 8:09-cr-491-VMC-AEP (M.D. Fla. Oct. 14, 2010), [D.E. 30]; see United States v. Caudle, 261 F. App'x 501, 503–04 (4th Cir. 2008) (per curiam) (unpublished); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (per curiam) (unpublished); Simpson v. United States, No. 5:99-CR-127-BO-3, 2005 WL 5166435, at *1 (E.D.N.C. Nov. 4, 2005) (unpublished), aff'd, 202 F. App'x 621 (4th Cir. 2006) (per curiam) (unpublished). When a sentencing court orders immediate payment of court-imposed restitution, the BOP has the discretion to place an inmate in the Inmate Financial Responsibility Program. See Caudle, 261 F. App'x at

3

504; Coleman, 133 F. App'x at 53. Thus, Bakowski's motion lacks merit and is denied.

In sum, the court DENIES Bakowski's motions for reconsideration [D.E. 7–8] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 28 day of May 2015.

JAMES C. DEVER III
Chief United States District Judge